BERTHA RANDEL v. JAS. M. RANDEL *et al.*

**No. 11,935.** (67 Pac. 837.)

SYLLABUS BY THE COURT.

1. EXECUTORS AND ADMINISTRATORS — *Sale of Real Estate to Pay Debts — Value of Personal Estate.* Where an administrator ascertains the value of the personal property of the estate by appraisement and it is known that such property is wholly insufficient to pay the debts of the deceased, he is not required to wait until such debts are established and allowed against the estate, but may at once make an application to the probate court for an order to sell the real estate to pay the debts.

2. —— *Order of Sale — Homestead Exemption.* On an application by an administrator to sell real estate to pay debts, the probate court is not required before issuing the order to hold an inquiry to determine whether the land which the administrator asks to sell is a homestead.

Error from Nemaha district court; WM. I. STUART, judge. Opinion filed February 8, 1902. Affirmed.

*John Stowell,* and *S. K. Woodworth,* for plaintiff in error.

*Wells & Wells,* for defendants in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff sued in ejectment and to quiet the title to certain real estate. A first trial was had, the judgment set aside, and a retrial ordered.

The record shows that by acquiescence of all parties the case was treated and tried as an equitable proceeding to set aside a deed and quiet the title to the land in controversy. It was agreed that only special questions should be submitted to the jury, and the court should find other issues of fact. After the jury had returned answers to the questions submitted, the court

Randel v. Randel.

made its special findings of fact and conclusions of law and rendered judgment thereon for the defendants.

Where it is agreed by the litigants in an equitable action that certain questions shall be submitted to a jury, and that the court shall also make special findings of fact, if there is a conflict between the findings made by the court and those made by the jury, it is not error for the court to render judgment on its own findings of fact instead of those found by the jury, provided the former are supported by the evidence.

This litigation arose over the sale of the land in controversy by the administrator of William S. Randel, deceased. The plaintiff in error, widow of the deceased, claims the land as her homestead, and that it was not subject to sale for the payment of the debts of the deceased.

It is contended that the sale of the real estate is void because at the time the probate court made the order of sale there were no debts established or allowed against the estate of the deceased. There is no provision of our law which provides or requires that debts shall be allowed against the estate by the probate court before lands may be ordered sold. The law is that when the administrator ascertains that the personal property will not be sufficient to pay the debts he may petition the court to sell the real estate. (Gen. Stat. 1901, § 2919.)

In the present case the personal property inventoried $1025, and the debts were $1400. The administrator is justifiable in assuming that creditors would exhibit and prove their claims against the estate, and he is not required to wait until they do so before preparing to pay them. The petition to sell was proper in form, the notice of sale was published as required

Randel v. Randel.

by the order of the court, and the sale was regularly made and in conformity with statutory requirements.

It is said that it is the duty of a probate court, before it orders the sale of real estate to pay debts, to institute an investigation to ascertain if the land it contemplates selling is a homestead, and that as such steps were not taken in this instance the sale should be held void and set aside. The law has no such provision and there is no such requirement.

The plaintiff in error also contends that in this case she was entitled to a trial and general verdict by a jury. This is not an open question. The record specifically states that it was agreed that this was an equitable action and that the jury should only answer special questions. This precludes this court from an investigation of that question.

Finally, whether the land in controversy was a homestead at the time of the sale and, therefore, not subject to sale for the payment of the debts of the deceased, was submitted to the court, and from the evidence it was found that it was not a homestead. We have examined the evidence of the plaintiff in error on this question, and the finding of the court is fully sustained by her own testimony.

We desire to compliment counsel for plaintiff in error for the index furnished; it has very materially assisted us in examining the record.

The judgment of the court below is affirmed.

DOSTER, C. J., JOHNSTON, SMITH, JJ., concurring.